USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:____________
DATE FILED: 10/15/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JHONKENNEDY BRAVO-CASTRO,
a/k/a "Negrito,"

Defendant.

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

S4 25 Cr. 76 (MKV)

WHEREAS, on or about February 13, 2026, JHONKENNEDY BRAVO-CASTRO, (the "Defendant"), among others, was charged in four counts of a thirty-eight count Indictment, S4 25 Cr. 76 (MKV) (the "Indictment"), with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One), sex trafficking conspiracy, in violation of 18 U.S.C. § 1594(c) (Count Two), alien importation and harboring for prostitution, in violation of 18 U.S.C. § 371 (Count Three), and the possession of firearms and ammunition by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described in Count One which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense;

WHEREAS, on or about November 27, 2024, law enforcement seized, during the execution of a judicially authorized search warrant for a premises controlled and operated by the racketeering enterprise charged in Count One, the following firearms, ammunition, and ammunition magazines (the "Specific Property") constituting property affording a source of influence over the charged enterprise, which the defendant and others established, operated, controlled, conducted, and participated in the conduct of;

a. A Glock 9mm firearm bearing serial number BHDA946; and

b. A black rifle bearing serial number 497123;

c. A black rifle bearing serial number DNWC012533, including a firearm scope affixed to said rifle;

d. A black caliber rifle bearing serial number W0026478;

e. All ammunition, of assorted makes and calibers, vouchered under New York City Police Department Invoice 4001177420; and

f. All ammunition magazines, of assorted makes and calibers, vouchered under New York City Police Department Invoice 4001177406.

WHEREAS, on or about June 16, 2026, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the aforementioned Specific Property, seized by the Government on or about November 27, 2024, in the Bronx, New York; and

WHEREAS, pursuant to Title 18, United States Code, Section 1963, and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorney Jun Xiang, of counsel, and the Defendant and his counsel, Xavier Donaldson, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 18, United States Code, Section 1963.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant JHONKENNEDY BRAVO-CASTRO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the New York City Police Department, or its designee, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 18, United States Code, Section 1963, Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 18, United States Code, Section 1963.

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 18, United States Code, Section 1963, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ Jun Xiang
Jun Xiang
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2289

10/14/2026
DATE

JHONKENNEDY BRAVO-CASTRO

By: Jhonkennedy
Jhonkennedy Bravo-Castro

10/15/26
DATE

By: [signature]
Xavier Donaldson, Esq.

10/15/26
DATE

SO ORDERED:

Mary Kay Vyskocil
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

10/15/26
DATE